JUDGE PATTERSON

250-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ASAN MERCHANT MARINE CO., LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



'08 CIV 4325

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASAN MERCHANT MARINE CO., LTD.,

        Plaintiff,

-against-

GOLDWIN HOLDINGS LIMITED,

        Defendant.

08 Civ _____ (____)

**VERIFIED COMPLAINT**

---

Plaintiff, ASAN MERCHANT MARINE CO., LTD. (hereinafter "ASAN") for its Verified Complaint against Defendant GOLDWIN HOLDINGS LIMITED (hereinafter "GOLDWIN") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At all times material hereto, Plaintiff ASAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1, Janggyo-dong, Jung-gu, South Korea.

3. At all times relevant hereto, Defendant GOLDWIN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Unit 11-H, Anchor Bay Tower, Bay Garden Condominium, Meteropolitan Park, Macapaqal Ave. Pasay City, Metro, Manila, Philippines.

4. On or about December 31, 2007, Defendant GOLDWIN, as charterer, entered into a maritime contract of charter party with Plaintiff ASAN, as owner, for one laden voyage aboard the M/V JOO YOUNG from Isabel in The Philippines to China.

5. Under the terms of the charter, Defendant GOLDWIN was obligated to pay freight at the rate of $29 per metric ton of cargo carried aboard the vessel.

6. In addition, Defendant GOLDWIN was obligated, under the terms of the charter, to load, at a minimum, a full and complete cargo of 7,600 metric tons of iron concentrates.

7. Defendant GOLDWIN was also obligated, under the terms of the charter, to provide the contemplated cargo to the vessel and complete loading operations within the agreed laytime period, failing of which GOLDWIN was required to pay demurrage at the rate of $5,000 per day pro rata for each day the vessel was delayed beyond the laytime period.

8. In preparation of duly delivering the M/V JOO YOUNG into the service of GOLDWIN, ASAN ordered the vessel to Isabel.

9. While the vessel proceeded to Isabel, GOLDWIN notified ASAN that it was unable to deliver the contemplated cargo to the vessel due to China's embargo over iron concentrate imports from Isabel and wrongfully canceled the charter in breach of its terms.

10.  ASAN then sought alternative employment for the vessel in attempt to mitigate its damages.

11.  Owing to Defendant GOLDWIN's breach of the charter, ASAN suffered damages in the amount of $161,914.07, all of which remains due and outstanding under the terms of the charter.

12.  The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in Hong Kong, and ASAN specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

13.  This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff ASAN's claims made or to be made in the Hong Kong arbitration under English law, as agreed by the parties.

14.  As a regular feature of English Law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15.  Plaintiff ASAN estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in Hong Kong arbitration will be $50,000. Interest anticipated to be awarded is estimated to be $37,473.28 (calculated at the rate of 7% per annum compounded quarterly for a period of three year, the estimated time for completion of the proceedings in Hong Kong).

16.  In all, the claim for which Plaintiff ASAN sues in this action, as near as presently may be estimated, totals **$249,387.35**, no part of which has been paid by Defendant GOLDWIN, despite due demand. Plaintiff ASAN specifically reserves its right to amend this figure and to

seek an increase in the amount of security should such sum appear to be insufficient to fully secure ASAN.

### Request for Rule B Relief

17. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant GOLDWIN HOLDINGS LIMITED (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18. The total amount sought to be attached pursuant to the above is **$249,387.35**.

WHEREFORE, Plaintiff ASAN MERCHANT MARINE CO., LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$249,387.35** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of

Defendant GOLDWIN HOLDINGS LIMITED, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the Hong Kong arbitral proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 7, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ASAN MERCHANT MARINE CO., LTD.

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
7th day of May 2008

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009